(No. 82-CC-247)

TIMOTHY P. MORRELL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 30, 1985.*

WILLIAM S. SCHILDMAN, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E.

WEBBER, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This claim was brought by Timothy P. Morrell against the State of Illinois for salary he lost following his discharge by the Illinois Department of Children and Family Services. Claimant was suspended on January 27, 1981, and discharged on February 1, 1981. At that time, he was paid all salary due as well as the sum of $1,293.00 which represented accrued and unused vacation days.

Following a Civil Service hearing, Claimant was reinstated to his employment but was given a 60-day suspension. Claimant has received all back pay due him except for the period from March 28, 1981, the date on which his suspension terminated, through June 30, 1981. No monies could be paid after that period because a new fiscal year began July 1 and all appropriations had lapsed. Therefore, this claim has resulted.

The parties agree that Claimant is due the sum of $5,981.66 in back salary for the period in question. They also agree that the sum of $2,840.00 should be deducted since Claimant received that amount in unemployment compensation. Claimant, therefore, contends that he should receive an award in the amount of $3,141.66. It is Respondent's contention, however, that the accrued vacation money, in the amount of $1,293.00 paid to

Claimant at the time of his discharge, should also be deducted. Respondent contends further that there should be an additional deduction in an unspecified amount, claiming that Claimant failed to mitigate his damages.

Respondent's position on the issue of vacation pay must fail. As Claimant points out, had he not been discharged he would have been paid during the time that he was on actual vacation. When he was discharged he lost not only his salary but the ability to use his earned vacation. Since he could not do that, he was justly compensated. Moreover, the evidence is uncontroverted that when he was reinstated his vacation days began accruing at zero, not at the number of days for which he was paid.

The reason, therefore, that Claimant is receiving actual cash in an amount greater than what he would have received had he not been discharged, is because he lost the opportunity to actually take his vacation and, therefore, must be compensated over and above the amount of salary he would have received had he not been discharged.

It is also clear, as Claimant adequately demonstrated in his brief, that Claimant did in fact take reasonable steps to mitigate his damages.

It is, therefore, hereby ordered that the Claimant be, and hereby is, awarded the sum of $5,981.66 plus appropriate employer contributions and less appropriate employee deductions, including a deduction in the amount of $2,840.00 to be paid to the director of the Department of Employment Security, all as more fully set forth in the Appendix attached hereto and incorporated herein.

## APPENDIX A

Identification of the State Contributions and Deductions from Back Salary Award.

To the State Employees' Retirement System

| | |
|---|---|
| Employee's contribution to State Employees' Retirement Sys. | 187.55 |
| Employee's contribution to FICA | 397.78 |
| State's contribution to State Employees' Retirement System | 448.62 |
| State's contribution to FICA | 397.78 |

To Illinois State Treasurer to be remitted to Internal Revenue Service:

| | |
|---|---|
| Claimant's Federal income tax | 1196.34 |

To Illinois Department:

| | |
|---|---|
| Claimant's Illinois income tax | 149.55 |

To Office of Employment Security:

| | |
|---|---|
| Director Dept. of Employment Security | 2840.00 |

To the Claimant:

| | |
|---|---|
| Net Salary | 1210.44 |

Total award $6828.06